UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
KANSAS CITY DIVISION

| | |
|---|---|
| MICHAEL BALOSSI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE STANDARD INSURANCE COMPANY | ) |
| | ) |
| and | ) Case No. 14-1504 |
| | ) |
| RGA REINSURANCE COMPANY WELFARE BENEFIT PLAN, | ) |
| | ) |
| and | ) |
| | ) |
| RGA REINSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |

## **COMPLAINT**

1. The Plaintiff, Michael Balossi, by and through the undersigned counsel, Talia Ravis and Amy Grace, files this Complaint against Defendants The Standard Insurance Company (hereinafter "Standard"), RGA Reinsurance Company ("RGA") and RGA Reinsurance Company Welfare Benefit Plan (hereinafter "the Life Plan").

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001. The Court has jurisdiction over this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States. Specifically, Michael Balossi brings this action to enforce his rights under ERISA as authorized by 29 U.S.C. §1132(a)(1)(B) and §1132(a)(3).

3. The Plaintiff, Michael Balossi, has at all times material hereto, been a citizen of Ballwin, Missouri.

4. Plaintiff is informed and believes that Defendant Standard is an Oregon corporation doing business in Saint Louis County, Missouri. RGA is a Missouri corporation doing business in Saint Louis County, Missouri. The Life Plan is a group life insurance plan doing business in Saint Louis County, Missouri. Therefore, pursuant to 29 U.S.C. §1132(e)(2), venue is proper in this judicial district.

5. The Life Plan is a group life insurance employee benefit plan that provides death benefits to named beneficiaries of the Life Plan in the event of a participant's death.

6. Standard issued the Life Plan, group contract number 648157-A, to RGA Reinsurance Company, for the benefit of its employees. Plaintiff's deceased wife, Kanako Balossi, was an RGA employee, and participant employee under the Life Plan; Plaintiff was the named beneficiary entitled to life insurance proceeds under the Life Plan in the event of his wife's death.

7. Following his wife's death, Standard refused to pay life insurance proceeds under the Life Plan because Standard claims that Mrs. Balossi was mistakenly allowed to enroll without submitting evidence of insurability.

8. This Complaint seeks (1) benefits due under the Life Plan, or in the alternative, (2) equitable relief holding Defendants accountable for their own administrative errors.

## FACTUAL ALLEGATIONS

A. Information about Mrs. Balossi's enrollment in The Life Plan.

9. At all times relevant, Plaintiff's wife, Kanako Balossi, was employed by RGA Reinsurance Company. As a benefit of her employment, Kanako Balossi was afforded the opportunity to purchase Voluntary Group Life Insurance. Mrs. Balossi availed

herself of said right, and named Plaintiff as the beneficiary of her voluntary group life insurance benefits.

10. In or around 2010, Mrs. Balossi first became insured under RGA's group life insurance policy, Policy No. 648157 (the "Life Plan"), insured and administered by Standard.

11. In January of 2013, during the Life Plan's annual enrollment period, Mrs. Balossi elected to increase her life insurance by two times her annual salary. Prior to this date, she was already enrolled in the Life Plan's basic life component, which provided her with $215,000 in term life insurance.

12. During the January 2013 open enrollment period, Mrs. Balossi applied for the Life Plan's "Additional Term Life" component. The Additional Term Life component that she elected insured her for an additional $172,000 in benefits, which equaled approximately twice her salary.

13. Mrs. Balossi made this election for the Additional Term Life insurance via an online application system maintained by Defendants. After receiving her application, Standard approved Mrs. Balossi's application, and accepted premiums from Mrs. Balossi for the following eleven months, until her death.

B. Claim Information Under The Life Plan.

14. Mrs. Balossi died on November 26, 2013.

15. Following her death, Plaintiff, Mrs. Balossi's named beneficiary under the Life Plan, timely filed claims for both the Basic and Additional Term Life components under the Life Plan.

16. The Standard timely paid the Basic component, but denied the Additional component in a letter dated January 31, 2014.

17. In the letter, Standard informed Plaintiff that his claim for the Additional Term Life benefits was denied based on the following allegations:

- Because Mrs. Balossi made her election for the Additional Term Life benefit component to be effective January 1, 2013, the application was considered to be a "late application" for coverage;

- A late application for coverage required Evidence of Insurability ("EOI")

- Evidence of Insurability was not provided

18. Following this, Standard attempted to refund Plaintiff the premiums Mrs. Balossi paid for the months of January through November, totaling $283.80.

19. Plaintiff timely appealed the decision in a letter dated May 16, 2014, (Exhibit A) but Defendant Standard upheld the denial in a letter dated July 15, 2014 (Exhibit B).

20. In its denial letter, Standard alleged that the Life Plan is self-administered, which means that RGA collects premiums and retains records for the group.

21. The letter further explained that "self-administered" means that it was RGA's responsibility to provide advice to their employees, as well as to educate and to communicate to their employees about available insurance coverages and requirements.

22. The letter also stated, "In addition, it is their [RGA] responsibility to provide their employees with all of the documentation and/or forms needed to complete any enrollment process properly, including Evidence of Insurability."

23. At all times relevant, RGA Reinsurance Company was an ERISA Fiduciary and owed Kanako Balossi and her designated beneficiaries, all of the duties prescribed under ERISA, including without limitation those set forth in 29 U.S.C. § 1104(a).

24. At all times relevant Standard was an ERISA Fiduciary and owed Kanako Balossi and her husband, as participant and beneficiary, all of the duties prescribed under ERISA, including without limitation those set forth in 29 U.S.C. § 1104(a).

**FIRST CLAIM FOR RELIEF AGAINST ALL DEFENDANTS
FOR ERISA BENEFITS, PREJUDGEMENT AND POSTJUDGEMENT INTEREST,
ATTORNEYS' FEES AND COSTS
(29 U.S.C. § 1132(a)(1)(B))**

25. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

26. The policy provides, "The Policyholder or Employer [RGA] will furnish on our forms all information reasonably necessary to administer the Group Policy." Policy No. 648157-A, pg. 38.

27. Neither Defendant RGA nor Defendant Standard requested that Mrs. Balossi complete an Evidence of Insurability form.

28. The denial of Plaintiff's claim for Life Plan benefits was improper, in that Kanako Balossi, at all relevant times, paid all necessary premiums, provided all information requested by RGA and/or Standard and satisfied the requirements to receive the disputed Life Plan benefits.

29. As a result of Defendants' conduct and failures, Plaintiff has been denied the full value of the Life Plan insurance proceeds and has been damaged in the amount of the unpaid life insurance proceeds of at least $172,000, plus interest, the actual amount of which will be proven at trial.

30. Plaintiff is entitled to recover said benefits pursuant to 29 U.S.C. § 1132(a)(1)(B).

31. As a further direct and proximate result of Defendants' conduct, Plaintiff, in pursuing this action, has been required to incur attorneys' fees and costs. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant(s).

32. Following the denial of benefits under the Life Plan, effective July 15, 2014, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Life Plan.

**SECOND CLAIM FOR RELIEF UNDER ERISA
(29 U.S.C. § 1132(a))
(Against RGA Reinsurance, the Life Plan, and the Standard)**

33. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

34. ERISA Section 502(a)(3) empowers a plan participant or beneficiary to bring a civil action to obtain "other appropriate equitable relief…" 29 U.S.C. § 1132(a)(3).

35. Relief under ERISA Section 502(a)(3) includes equitable estoppel and monetary relief in the form of a surcharge. *See Silva v. Metropolitan Life Ins. Co.,* No. 13-2233 (8th Cir. Aug. 2014)*(*interpreting and applying *CIGNA Corp. v. Amara*, 131 S. Ct. 1866 (2011)).

36. Plaintiff is informed and believes that either Mrs. Balossi was not required to provide an EOI form to Defendants, or if she was, RGA Reinsurance, the Life Plan and/or The Standard mishandled the open enrollment process by failing to notify her of an obligation to provide the EOI form in order to enroll in the Additional term life coverage and failed to provide her with such a form. As a consequence thereof, Defendants waived any EOI requirement that may have existed under the Life Plan.

37. By offering or soliciting Plaintiff's enrollment in the Life Plan, acting consistent with enrollment having been successfully accomplished, and accepting premium payments for the coverage, Defendants are estopped from asserting the EOI requirement in the Life Plan, if one does, in fact, exist.

38. ERISA requires that a fiduciary carry out its responsibilities "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims." 29 U.S.C. § 1104(a)(1)(B).

39. By failing to properly administer the Additional Life Plan enrollment process, failing to advise Mrs. Balossi of the purported requirement for the completion of an EOI form, failing to provide such a form, accepting all premium payments, and yet failing to advise Mrs. Balossi that they did not consider her properly enrolled for the Additional Life coverage, Defendants breached the fiduciary duties they owed to Mrs. Balossi and her beneficiaries.

40. Defendant Standard has been unjustly enriched by retention of all premiums and retention of the life insurance benefits properly owed to Plaintiff. Standard has also unjustly benefitted by putting itself in the position of accepting and enjoying the benefits of life insurance premiums for Additional Life coverage paid by or on behalf of Mrs. Balossi, while purportedly retaining the right to deny any claim for benefits under the said coverage.

41. Defendant Standard has also been unjustly enriched to the extent it has realized profits on the monies it refuses to pay to Plaintiff.

42. The denial of Plaintiff's claim for life insurance benefits was improper, in that Kanako Balossi, at all relevant times, was enrolled in the Life Plan, paid premiums for the Life Plan, and said premiums were accepted by Defendants.

43. At all times relevant, Plaintiff and Kanako Balossi performed all obligations on their part to be performed pursuant to the terms of the Life Plan.

44. As a result of Defendants' conduct and failures, Plaintiff has been denied the full value of the Life Insurance proceeds and has been damaged in the amount of at least $172,000, plus interest, the actual amount of which will be proven at trial.

45. Plaintiff is entitled to relief pursuant to 29 U.S.C. § 1132(a).

46. As a further direct and proximate result of Defendants' conduct, Plaintiff, in pursuing this action, has been required to incur attorneys' fees and costs. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant(s).

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendants as follows:

1. Payment of Life Insurance benefits in the amount of $172,000.00 or such other amount as is shown at time of trial, or the equitable equivalent by way of a finding of waiver, estoppel or surcharge;

2. Reformation of the Life Plan to the extent the Life Plan terms are unclear or to the extent the Life Plan must be modified in order to align with the representations of Defendants or expectations of Plaintiff, so as to allow Plaintiff to realize benefits, or their equitable equivalent under the Life Plan;

3. Separate and apart from the benefits under the Life Plan, Plaintiff seeks disgorgement of any profits defendants may have realized by the wrongful retention of such benefits;

4. Enforcement of Plaintiff's rights under the terms of the Life Plan;

5. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

6. For payment of prejudgment and post-judgment interest as allowed for under ERISA;

7. For such other and further relief as this Court deems just and proper.

Dated: September 2, 2014

By: /s/Talia Ravis_____
Talia Ravis
MO Bar No. 58366
Law Office of Talia Ravis, PA
7930 Santa Fe Drive, Suite 100
Overland Park, Kansas 66204
913-428-8955 (tel)
1-800-694-3016 (fax)
travis@erisakc.com

Amy Grace
MO Bar No.
Grace Legal, LLC
Grace Legal LLC
7930 Santa Fe. Drive, Suite 100
Overland Park, Kansas 66204
913-732-6009 (tel)
866-712-8848 (fax)
amy@gracelegal.net
*Attorneys for Plaintiff Michael Balossi*